UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 14-70-HRW

TAMMY JO CAUDILL,                                                       PLAINTIFF,

v.               **MEMORANDUM OPINION AND ORDER**

CAROLYN COLVIN,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on June 2, 2011, alleging disability beginning on March 20, 2011, due to fibromyalgia, migraines, numbness, tingling and pain in extremities, multiple sclerosis, muscle spasms, bone spurs, herniated disc, back pain, depression, short term memory loss, tremors, fatigue and a history of substance abuse (Tr. 216). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Robert B. Bowling (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Lean P. Salyers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled (Tr. 36-45).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the alleged onset date of disability to the her date last insured (Tr. 38).

The ALJ then determined, at Step 2, that Plaintiff suffers from multiple sclerosis, disorders of the spine and affective disorder which he found to be "severe" within the meaning of the Regulations (Tr. 38-39).

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments (Tr. 39-40).

2

The ALJ further found that Plaintiff could not return to her past relevant work as a radiology clerk, registered nurse or retail cashier (Tr. 43-44) but determined that she had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. 404.1567(b), with certain restriction as fully set forth in the hearing decision (Tr. 40-43).

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE (Tr. 44).

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 10 and 11] and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988).

Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff challenges the ALJ's findings at Step 5 and his reliance upon the testimony of the VE, Leah Salyers.

At the administrative hearing, the ALJ asked the VE if an individual with Plaintiff's residual functional capacity[1] would be capable of any occupations in the national or regional economy (Tr. 82-83). The VE responded that such an individual could work as a counter cashier, machine monitor, or in an unskilled clerical position, giving job incidence figures and *Dictionary of Occupational Titles* (DOT) entries for each occupation (Tr. 83). When the ALJ added several limitations ("to simple routine repetitive tasks where there is no production rate or pace work with only occasional interaction with coworkers and only occasional supervision"), the VE stated that the individual could still work in these occupations, but the available number of jobs would be reduced by one-third (Tr. 84-85). The ALJ asked the expert if her testimony was consistent with the DOT, and the expert stated it was (Tr. 86).

Notably, Plaintiff's attorney declined to question the expert (Tr. 85-86).

In alleging error, Plaintiff contends that the VE's testimony conflict with the DOT. Specifically, she contends that the VE wrongly stated that an individual limited to only simple, routine, repetitive tasks would be capable of jobs that the DOT said required a General Educational Development (GED) reasoning level of two. In two unpublished decisions, the Sixth Circuit

---

[1] Plaintiff does not challenge the ALJ's formulation of her RFC.

4

rejected the same argument. *Monateri v. Comm'r of Soc. Sec.*, 436 F. App'x 434, 446 (6th Cir. 2011) (unpublished) (there is no precedent that requires the Commissioner to align DOT 'reasoning levels' with RFC classifications,[Plaintiff's] argument is without merit. ; *Matelski v. Comm'r of Soc. Sec.*, 149 F.3d 1183 (Table), 1998 WL 381361, at *6 (6th Cir. 1998) (unpublished) ("[T]he reasoning development requirements [of the DOT], as well as some other development requirements, are merely advisory in nature.") (citation omitted). Moreover, Plaintiff fails to cite authority which would support a remand on this basis.

Plaintiff's assertion that the ALJ did not inquire of the VE whether her testimony conflicted with the DOT lacks merit as well. The ALJ specifically asked "Ms. Salyers, have all your opinions been consistent with the DOT?" and she replied, "[y]es, sir" (Tr. 86). Significantly, Plaintiff's attorney declined to conduct his own questioning of the expert after this point. Plaintiff therefore fails to establish that the ALJ failed to carry out his duties or that there was any actual conflict with the DOT. *See Lee v. Comm'r of Soc. Sec.*, No. 12-6226, 2013 WL 3388486, at *10 (6th Cir. July 9, 2013) ("Moreover, the ALJ asked the VE if her testimony was consistent with the Dictionary, and she answered that it was. This effectively satisfied the Commissioner's burden. Lee's representative could have — but did not — cross-examine the VE concerning her representation.") (citation omitted).

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED.**

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 24th day of September, 2015.



Signed By:
*Henry R. Wilholt, Jr.*
United States District Judge

_____
Henry R. Wilhoit, Jr., Senior Judge